IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HASKELL B. LEE, SR.,            )
                                )
                Plaintiff,      )
                                )
        vs.                     )       No. CIV-12-1061-C
                                )
PAT SORRELS, et al.,            )
                                )
                Defendants.     )

ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Haskell B. Lee, Sr., brought the present action pursuant to 42 U.S.C. § 1983, seeking recompense for alleged violations of his constitutional rights resulting from the conditions of his incarceration at Cimarron Correctional Facility ("CCF"), specifically, the deprivation of his personal wheelchair. Consistent with the provisions of 28 U.S.C. § 636(b)(1)(B), the Court referred this action to United States Magistrate Judge Gary M. Purcell. Judge Purcell entered his Second Supplemental Report and Recommendation ("R&R") on February 25, 2014, recommending denying Plaintiff's Motion for Summary Judgment (Dkt. No. 64), granting the Defendants Motion to Dismiss (Dkt. No. 68), and dismissing the cause of action against the Defendants without prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff timely objected to the R&R on March 14, 2014 (Dkt. No. 74).

The facts of this case are accurately set out in the Judge Purcell's R&R and do not need to be repeated. As Judge Purcell noted, Plaintiff is not entitled to summary judgment because he has not met his burden by identifying actual evidence in the record supporting his

motion. See Celotex v. Catrett, 477 U.S. 317, 323 (1986) ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.") (quoting Fed. R. Civ. P. 56(c)). With respect to Defendants' Motion to Dismiss, Judge Purcell correctly determined that the Defendants could only be sued in their individual—not "official"—capacities, given that they are employees of a private corporation, not state officials; that mere denial of a grievance is not sufficient to support an Eighth Amendment claim against Defendant Miller or Defendant Roof; that Plaintiff's allegations that Defendants Roof and Taylor conspired with Defendant Reiheld to deny Plaintiff his wheelchair are wholly conclusory and fail to state a plausible § 1983 claim; that Plaintiff's disagreement with Defendant Reiheld's prescribed course of treatment was not sufficient to state a plausible Eighth Amendment claim against Defendant Reiheld; and that Plaintiff did not sufficiently allege a protected property or liberty interest to provide a plausible basis for asserting a Fourth Amendment due process claim.

In his Objections to Judge Purcell's R&R, Plaintiff does not discuss Judge Purcell's denial of Plaintiff's Motion for Summary Judgment. Instead, Plaintiff focuses on Judge Purcell's recommendation to grant Defendants' Motion to Dismiss. Plaintiff primarily objects to Judge Purcell's conclusion that Plaintiff had not plead sufficient factual allegations to withstand Defendants' Motion to Dismiss with respect to his Eighth Amendment conspiracy claims and Fourteenth Amendment Due Process violation.

2

First, Plaintiff attempts to revive his Eighth Amendment "conspiracy" claim against Defendants Taylor, Roof, and Reiheld. Despite acknowledging that he "'must allege specific facts showing an agreement and concerted action amongst the defendants'" (Objections, Dkt. No. 74, at 6 (quoting Tonkovich v. Kan. Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998))), Plaintiff does not satisfactorily do so. Rather, Plaintiff bases his conspiracy claim on the idea that "there had to be SOME reason as to why Reiheld changed/rescinded his 06-07-1[1] treatment plan/order the very next day on 06-08-11" and allegations that he had previously been "verbally told" by Defendants Roof and Taylor "that he [Plaintiff] would NEVER get a wheelchair while they were working at [CCF]." (Objections at 3, 7 (emphasis original).) Plaintiff also asks the Court for additional "time and opportunity for appointment of counsel" and discovery, such as the deposition of Defendant Reiheld, so that Plaintiff can "prove the 'motive'" behind Defendant Reiheld's change of Plaintiff's treatment plan. (Id.) But the Court analyzes a motion to dismiss by examining just the allegations in Plaintiff's Complaint—not Plaintiff's belief of what future discovery might reveal— to see if they "state a claim to relief that is plausible on its face" or "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Here, the Court agrees with Judge Purcell's determination that Plaintiff's "wholly conclusory" allegations are insufficient to withstand a Defendants' Motion to Dismiss. (R&R at 12.) Plaintiff's allegations "fail to state a plausible § 1983 claim of unconstitutional conspiracy" against Defendants Roof, Taylor, and Reiheld. (Id.)

3

Next, Plaintiff argues that he has sufficiently alleged a Fourteenth Amendment violation by all four Defendants because their "intentional and deliberate deprivation of a medically-ordered wheelchair . . . subjected him to prison conditions that 'impose atypical and significant hardship on him in relation to the ordinary incidents of prison life,'" creating a protected liberty interest. (Objections at 8 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).) Plaintiff has not, however, pled that his wheelchair was medically ordered. In fact, Plaintiff's Complaint clearly states that Defendant Reiheld, Plaintiff's treating physician, issued a medical order stating that Plaintiff was "NOT to receive a wheelchair at [that] time." (Complaint, Dkt. No. 1, at 4 (emphasis original).) Plaintiff does not have a right to a wheelchair or any particular course of treatment. Callahan v. Poppell, 471 F.3d 1155, 1160 (10th Cir. 2006). Deprivation of a wheelchair in accordance with the recommendation of Plaintiff's treating physician, therefore, does not "impose[] atypical and significant hardship" on Plaintiff. Sandin, 515 U.S. at 484. The Court therefore agrees with Judge Purcell that Plaintiff's Complaint "does not provide a plausible basis for asserting a Fourteenth Amendment claim" against Defendants. (R&R at 17.)

For the reasons set forth above, the hereby Court adopts, in its entirety, the Second Supplemental Report and Recommendation of the Magistrate Judge (Dkt. No. 73). Accordingly, for the reasons announced in the R&R, the Court hereby DENIES Plaintiff's Motion for Summary Judgment (Dkt. No. 64), GRANTS Defendants' Motion to Dismiss (Dkt. No. 68), and DISMISSES without prejudice Plaintiff's claims against Defendants Miller, Reiheld, Roof, and Taylor for failure to state a claim upon which relief may be

4

granted. Plaintiff's Request for the Appointment of Counsel (Dkt. No. 70) and Request for Stay of Proceedings Pending Adjudication for Appointment of Counsel (Dkt. No. 74) are thus MOOT. A separate judgment will enter accordingly.

    IT IS SO ORDERED this 19th day of June, 2014.

*(signature)*
ROBIN J. CAUTHRON
United States District Judge